UNITED STATES BANKRUPTCY COURT
WESTERN DIVISION OF NEW YORK

NOT FOR PUBLICATION

---

In re

    Advanced Educational Products, Inc.,

                              Debtor.

Case No. 17-12576 K

---

Morris L. Horwitz, as Bankruptcy Trustee for
Advanced Educational Products, Inc.,

               Plaintiff,

v.

Casciano Consulting Group, LLC,

               Defendant.

A.P. No.: 19-1058 K

---

Steven M. Cohen, Esq.
Diane R. Tiveron, Esq.
HoganWillig
2410 North Forest Road, Suite 301
Amherst, NY 14068

ATTORNEYS FOR PLAINTIFF

Sean O'Brien, Esq.
Lippes Mathias Wexler Friedman LLP
50 Fountain Plaza
Suite 1700
Buffalo, NY 14202

ATTORNEY FOR DEFENDANT

DECISION AND ORDER

Bankruptcy courts could not function if they had to view every filed affidavit with suspicion, and investigate it. That is especially true as to a Rule 2014(a) "Affidavit of Disinterestedness." A professional person proposed to be employed by a debtor-in-possession

must submit "a verified statement of [that person] setting forth the person's connections with the debtor, creditors, any other party in interest, [and] their respective attorneys and accountants…"

The owner/principal of the Defendant LLC in this Adversary Proceeding submitted such a declaration on January 4, 2018 when the Debtor sought leave to employ the LLC "to provide financial consulting services." In particular, he declared that his company's assistance "will include … continued review and maintenance of accounting books and ledgers; continued assistance to the Debtor's employees in the use and maintenance of Quickbooks for bookkeeping and financial recordation; …[and] communications with the Debtor's creditors." He knew that his company was "assisting the debtor in possession in carrying out its duties under the [Bankruptcy] Code." He recited that Rule 2014(a) requires disclosure of all "connections with the debtor, creditors, [or] any other party in interest, their respective attorneys and accountants," and stated, as to Casciano Consulting Group, LLC, "…I am not aware of any such connections."

And he declared: "[i]f Casciano Consulting Group, LLC discovers any information that is contrary to or pertinent to the statements made herein, Casciano Consulting Group, LLC will promptly disclose such information to the Court" by means of supplemental affidavit. See Declaration of Michael Casciano, attached hereto as Exhibit A. On that basis, the Court granted an Order approving the Debtor's request, and his LLC presumably performed those enumerated duties at least until September 26, 2018, when the Debtor consented to a motion filed by the Unsecured Creditors Committee to convert the case to Chapter 7, and the Chapter 7 Trustee was duly appointed.

Here the Trustee, in timely fashion, has sued the LLC for $18,000 in §547 preferential transfers. But far more serious is the matter presently at Bar.

The Trustee moves to amend the Complaint in two regards. He seeks to add the principal as a party defendant, and he seeks to add causes of action sounding in fraudulent transfer theory, and prohibited post-petition transfers.

The Defendant and its principal object on the grounds that the 2-year statute of limitations contained in §546 and §549 is passed, and that the doctrine of "relation-back" (Rule 15(c)(1), Fed.R.Civ.P) does not assist the Trustee here.

The Trustee has attested under oath that "discovery was delayed in this case primarily because of the failure of Debtor's principals to produce what was demanded, notwithstanding multiple demands therefor, and despite prior Order of this Court." He further declared, "I would receive incomplete disclosure, or a thumb drive/jump drive without username/password access or high-level administrative access, and otherwise misleading or useless data." In addition, he stated the following, "[t]his Court had stayed discovery at some point in the various AP's associated with this bankruptcy, and subsequent to the lifting of the stays…on December 21, 2021, and with the assistance of special counsel to the trustee, HoganWillig, PLLC, I was finally able to get the Debtor's computer blade server and a high-level administrative password. With assistance of special counsel and their IT team, and a privately retained IT team, I was able to access additional information that was never provided during the previous lengthy discovery period, including additional information on a flash drive that was turned over months earlier – but had been inaccessible for want of a high-level username and password." The Trustee also asserted that "[a] promissory note held by Casciano Consulting Group, LLC in the amount of $50,585.98 was active during the Bankruptcy Preference Period. This note indebted the Debtor for this amount and was signed by Kenneth Pronti and Michael Casciano on 12/23/2016. This was not disclosed in the Bankruptcy petition nor by Michael Casciano despite being within twelve months prior to the

Chapter 11 filing. Payments of $143,528.92 were made by the Debtor to Casciano Consulting Group, LLC during the Bankruptcy preference period, including payments of $4,875, $3,000 and $15,000 in August and September 2018 just prior to the Chapter 7 conversion of the Debtor. These payments exceeded the agreed-to-amounts to be paid to Casciano Consulting per the <u>Application for Order Authorizing Employment of Business Consulting Firm for Debtor under 11 U.S.C. Section 327 and 1107</u>." He also represented that "[t]he Defendant(s) held a credit card used by and paid for by the Debtor prior to and during the Bankruptcy preference period. ... Our investigation reveals that Casciano Consulting Group, LLC received between $10,000 and $20,000 in payments from A to Z Books LLC, owned by putative Insider Elizabeth Sellan, during the Bankruptcy preference period." In further support of his motion to amend he states, "during the Bankruptcy preference period we now know that Casciano Consulting Group, LLC employed Mary Sellan, a former employee of the Debtor and a relative of Elizabeth Sellan. ... These facts were not disclosed to me as required under the *Order Authorizing Employment* nor in the petition itself, which requires full disclosure of disinterestedness or the lack thereof, in order to obtain such employment by the debtor-in-possession."

Whether these representations are true or not, they are sworn and uncontested. They are made by a disinterested fiduciary appointed by the US Trustee to perform enumerated statutory duties. They address what he says he faced in his efforts to perform those duties, implicating the principal's affidavit, delaying the Trustee's discovery of the matters that are the subject of the proposed Amended Complaint. In light of the principal's 2014(a) affidavit and the purposes of the LLC's appointment, and solely because of that particular circumstance, the Court finds that 'extraordinary circumstances' warrant application of equitable tolling.

These assertions by the Trustee are argued as bases for "relation-back," but the Court sees them as inartfully stated bases for "equitable tolling." That doctrine is not even mentioned in the Trustee's submissions.[1] But for the Rule 2014 appointment of the Defendant, this Court might find that omission fatal to the Trustee's motion to amend. It is not fatal here where the Trustee's undisputed attestations satisfy the Court that the Rule 2014 declaration and Order provide an "extraordinary circumstance" that falls within the dictum in *Cerbone v. International Ladies' Garment Workers' Union*, 768 F.2d 45, 48-49 (2d Cir. 1985).

It should be clear that a Chapter 11 debtor, its officers and principals are fiduciaries (*In re Albion Disposal, Inc.*, 152 B.R. 794 (Bankr. W.D.N.Y. 1993)), and that §327 and Rule 2014 permits them to be <u>assisted</u> in their <u>fiduciary</u> <u>duties</u> by <u>disinterested</u> professionals. Where, as here, a disinterested Trustee attests, without sworn contradiction, that the information he needed to determine all the potentially avoidable transfers, and who the transferees were, was held back from him until after the limitations period had passed, and that maintenance of that information was the very purpose of the Rule 2014 appointment, the Defendant and its principal will not be heard to cry of "untimeliness."

The Defendant and principal also complain of a lack of specificity in the fraud charges in the proposed Amended Complaint. There is no Fed.R.Civ.P. Rule <u>9</u> or Twombly Iqbal problem as to form pleading where the defendant had intimate knowledge of a debtor's financial affairs. The principal here surely knows precisely what the proposed Amended Complaint seeks of him and why.

---

[1] "Relation-back" as to the added <u>party</u> is certainly appropriate here, but "relation-back" as to added transactions and governing statutes is tenuous. Perhaps every actionable activity that the Trustee finally learns of that arose out of the single "<u>relationship</u>" that existed here – a court-approved relationship giving the LLC and the principal access (and perhaps a degree of control) to the Debtor's finances, yielding alleged and questionable benefits to the principal – meets "relation-back" criteria. But perhaps not.

That said, there is some confusion in the proposed Amended Complaint. There are two different versions of a "Fifth Cause of Action" in the document. The first addresses §502(d) and (j). The second asserts a claim for monetary damages arising out of "fraudulent statements" in the Rule 2014 employment application. Whether there generally exists such a cause of action remains to be argued. Consequently, a motion to dismiss that Cause of Action may be made in due course. The two different 5th causes shall be deemed Causes 5-A and 5-B, for now.

All other arguments against the Motion have been considered and are rejected, as lacking merit.

On a final note (for today's purposes), it is not only parties in interest (such as a trustee) who might be lulled by a Rule 2014 declaration into believing that there is no need to look behind the declaration and investigate the professional. The Court itself might be so lulled. In this very Chapter 7 case there came a point at which this writer, *sua sponte*, felt the need to stay this and some other A.P.'s that I found not to have been well-pled, because I believed that defendants who appeared to be arms-length third-parties who did business with the Debtor, should be spared expenses of litigation until the Trustee could square away the matter of "who got what." I thought this Defendant to be a disinterested professional, hired with my approval. If there is truth to some of the Trustee's assertions about the principal, the Court itself was misled. If the Trustee's assertions had been denied under oath by the principal, an evidentiary hearing would be conducted to determine whether equitable tolling is supported by the facts. As the record stands, the Court finds that equitable tolling shall apply, grants the Trustee's motion for leave to amend the Complaint, and orders that the matter of the alleged avoidable transfers to or for the benefit of the

LLC and/or the principal shall proceed by the usual process.

   IT IS SO ORDERED.


Dated:   Buffalo, New York
          June 7, 2022

                                                          _____s/Michael J. Kaplan_____
                                                                                              U.S.B.J.

# Exhibit A

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:   Chapter 11

ADVANCED EDUCATIONAL PRODUCTS, INC.,   BK No. 1-17-12576-MJK

Debtor.[1]   Hon. Michael J. Kaplan

**DECLARTION IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO 11 U.S.C. §§ 327 AND 1107, BANKRUPTCY RULE 2014, AND LOCAL BANKRUPTCY RULE 2014-1 AUTHORIZING EMPLOYMENT AND RETENTION OF CASCIANO CONSULTING GROUP LLC EFFECTIVE AS OF THE PETITION DATE AS BUSINESS CONSULTANT FOR THE ESTATE**

I, MICHAEL CASCIANO, hereby declare, under penalties of perjury and pursuant to 28 U.S.C. § 1746, that the following facts are true and accurate:

1. I am the principal of Casciano Consulting Group, LLC, having offices located at 1045 Union Road, West Seneca, New York 14224.

2. Casciano Consulting Group, LLC provides strategic planning and financial and business consulting services to businesses. The company has operated since it was established in 2008.

3. I have an M.B.A. degree and been engaged in the practice of business consulting for approximately 15 years. Since 2008 I have operated and managed Casciano Consulting Group, LLC.

---

[1] The last four digits of the Debtor's federal tax identification number is 7345. See 11 U.S.C. §342(c) (2017).

4. Prior to filing the Debtor's Petition, the Debtor retained Casciano Consulting Group, LLC to strategic business planning and assistance with financial reporting.

5. The Debtor has again retained Casciano Consulting Group, LLC subject to the approval of this Court, for the purpose of rendering business consulting services, as needed throughout the course of these Chapter 11 proceedings, and assisting the Debtor in carrying out its duties as debtor in possession pursuant to the Code.

6. It is anticipated that Casciano Consulting Group, LLC, as business consultants, will advise and assist the Debtor during the course of these proceedings, in connection with all business and financial matters for which the Debtor may require consulting assistance. This assistance will include: continued review and maintenance of accounting books and ledgers; continued assistance to the Debtor's employees in the use and maintenance of Quickbooks for bookkeeping and financial recordation; preparation of projections of sales and expenses; projections of future cash flow; advice and counsel relative to expense and other controls; advice and counsel relative to employment resources; advice and counsel relative to new sales; advice and counsel relative to potential financing; advice and counsel relative retiring debt; assistance in the preparation of monthly operating reports; communications with the Debtor's creditors; appearances at and participation at creditors' meetings; advice and counsel in formulating a Chapter 11 Plan; and various and other sundry financial and business consulting services.

7. As business and financial consultant to the Debtor, Casciano Consulting Group, LLC has already rendered various services to the Debtor after the filing of the Petition related to this bankruptcy proceeding, including, among others, conferences with

2

the Debtor, telephone conferences with secured creditors, office and telephone conferences with Debtor's legal counsel; appearance at the initial debtor interview with the U.S. Trustee; review of budgets and projections; and appearance at the initial meeting of creditors. As Debtor's business and financial consultant for the estate, Casciano Consulting Group, LLC will continue to render business and financial consulting services to the Debtor, as needed throughout the course of these proceedings.

8. The compensation previously paid to Casciano Consulting Group, LLC was a monthly retainer in the amount of $4,500. In order to assist the Debtor in reducing overhead and facilitating the Debtor's reorganization, Casciano Consulting Group, LLC has agreed to accept reduced monthly compensation during the pendency of the bankruptcy case in a monthly retainer in the amount of $2,250.

9. Casciano Consulting Group, LLC will be on call as needed. Prior to the Petition Date I personally expended approximately 50-55 hours per month on site at the Debtor's business. I anticipate that the services to be rendered during the bankruptcy case will require approximately 25-30 hours per month on site at the Debtor's business. It should be noted that this time does not include time spent by me providing services to the Debtor at my office, including communications with the Debtor, Debtor's counsel and others, as well as review and preparation of reports and data at my office.

10. It is my understanding that Rule 2014(a) of the Federal Rules of Bankruptcy Procedure requires Casciano Consulting Group, LLC to state "all of [its] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants[.]" *See* FED R. BANKR. P. 2014(a) (2017). To that extent, I am not aware of any

3

such connections.

11. Upon information and belief, Casciano Consulting Group, LLC does not hold or represent any interest adverse to the Debtor, its estate, any of its creditors or other parties in interest, or their respective attorneys and accountants, nor has Casciano Consulting Group, LLC, at any time since the commencement of the above-captioned proceedings, held any such interest or interests.

12. Upon information and belief, Casciano Consulting Group, LLC is a disinterested person for the purpose of representing and assisting the debtor in possession in carrying out its duties under the Code.

13. If Casciano Consulting Group, LLC discovers any information that is contrary to or pertinent to the statements made herein, Casciano Consulting Group, LLC will promptly disclose such information to the Court by filing and serving a supplemental affidavit on the United States Trustee, counsel to any statutory committee appointed in this case, and all parties who have filed a notice of appearance in this case.

14. Casciano Consulting Group, LLC has not shared and has no agreement with any other entity with regard to the sharing of any compensation or reimbursement received by Casciano Consulting Group, LLC for the professional services rendered and to be rendered by Casciano Consulting Group, LLC on behalf of the Debtor.

DATED: Buffalo, New York
January 4, 2018

/s/ Michael Casciano
MICHAEL CASCIANO

4